UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY EROKWU,

                Plaintiff,

-against-

CMA-CGM and CMA-CGM (AMERICA) LLC,

                Defendants.

No. 08 Civ. 10374 (LTS)(RLE)

## MEMORANDUM OPINION AND ORDER

In this action arising out of the transportation of four automobiles from the United States to Nigeria pursuant to a bill of lading, plaintiff Anthony Erokwu ("Erokwu" or "Plaintiff"), the consignee of the goods, asserts claims against defendants CMA-CGM and CMA-CGM (America) LLC (jointly, "CMA"), the carrier of the goods.[1]  Plaintiff also asserted claims against A.T.I. U.S.A., Inc. ("ATI"), the shipper of the goods, and ATI in turn asserted a third-party claim for indemnity against CMA.  CMA moved to dismiss the claims asserted against it in the Amended Complaint and the third-party complaint.  By letter dated February 2, 2010, ATI informed the Court that Plaintiff and ATI have reached a settlement and would stipulate to the dismissal of the Amended Complaint as to ATI.  In light of ATI's February 2 letter, the Court dismissed ATI's third-party claim against CMA.  (Docket entry no. 40.)  Plaintiff has not submitted any opposition to CMA's motion to dismiss Plaintiff's claims asserted against it in the Amended Complaint and the time to do so has expired.  The Court has jurisdiction of the claims pursuant to 28 U.S.C. § 1333.  The Court has considered

---

[1] Plaintiff's original complaint, filed on December 1, 2008, did not assert claims against CMA.  (Docket entry no. 1.)  Plaintiff's claims against CMA were first asserted in the Amended Complaint, filed on December 18, 2009.  (Docket entry no. 28.)

CMA's submission thoroughly.  For the following reasons, the motion to dismiss the Amended Complaint as against CMA is granted.

CMA argues that the claims are untimely under the one-year statute of limitations provided in the Carriage of Goods by Sea Act ("COGSA").  49 U.S.C. § 30701 (Sec. 3(6)).  A statute of limitations bar is an affirmative defense.  See Fed. R. Civ. P. 8(c)(1).  The Court may nonetheless consider CMA's statute of limitations defense at this juncture because "a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense if the defense appears on the face of the complaint."  Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation marks omitted).  COGSA, which governs "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade," applies to Plaintiff's claims against CMA.  46 U.S.C. App. § 1300; Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing, 167 F.3d 99, 100 n.1 (2d Cir. 1999).  Further, the applicable bill of lading explicitly provides that COGSA governs any claims that arise between the parties between the time the goods are loaded and the time the goods are delivered.[2]  (Martrou Decl., Ex. 1, Sec. 6(1)).

"[C]ourts have uniformly held that in cases [under COGSA] where goods were actually delivered the statute of limitations runs from the date of delivery."  Old Toledo Brands, Inc. v. Schenker, Inc., 590 F. Supp. 2d 588, 590 (S.D.N.Y. 2008).  Plaintiff alleges that the goods in question were released to Plaintiff "sometime in or about the month of April 2008."  (Am. Compl. ¶ 18.)  The goods allegedly had arrived at the port of destination in Lagos, Nigeria months earlier, and

---

[2]  The Court may consider the bill of lading at this juncture because it is a document that was in Plaintiff's possession and Plaintiff relied on it in the Amended Complaint.  Prentice v. Apfel, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998) (citing Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993)).

the delay in releasing the goods is the factual basis for Plaintiff's claims. As Plaintiff alleges that the goods were delivered in April 2008, and Plaintiff did not assert his claims against CMA until December 18, 2009, those claims are precluded by the one-year statute of limitations and therefore are dismissed.

## CONCLUSION

Plaintiff's amended complaint is, accordingly, dismissed as against defendants CMA-CGM and CMA-CGM (America) LLC. This order resolves docket entry no. 33.

SO ORDERED.

Dated:   New York, New York
         February 11, 2010

_____
LAURA TAYLOR SWAIN
United States District Judge